# EXHIBIT 1

4/18/2018 3:32 PM
Chris Daniel - District Clerk Harris County
Envelope No. 23992191
By: Walter Eldridge
Filed: 4/18/2018 3:32 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **REBECCA WHITEHURST** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INTERNATIONAL FEDERATION OF** | § | |
| **GYMNASTICS, USA GYMNASTICS,** | § | |
| **UNITED STATES OLYMPIC** | § | |
| **COMMITTEE, LAWRENCE GERARD** | § | |
| **NASSAR and CYPRESS ACADEMY,** | § | |
| **INC. D/B/A CYPRESS ACADEMY** | § | **____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

REBECCA WHITEHURST (hereinafter, "Plaintiff") files this Original Petition and Request for Disclosure complaining of INTERNATIONAL FEDERATION OF GYMNASTICS, USA GYMNASTICS, UNITED STATES OLYMPIC COMMITTEE, LAWRENCE GERARD NASSAR and CYPRESS ACADEMY, INC., d/b/a CYPRESS ACADEMY, and would respectfully show this Court as follows:

**I.**
### DISCOVERY CONTROL PLAN

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff files this petition under a Level 3 Discovery Control Plan.

**II.**
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 **within fifty days** of the service of this request at the office of the undersigned.

**III.**
**PARTIES**

Plaintiff, Rebecca Whitehurst, is an individual residing in Travis County, Texas.

Defendant, International Gymnastics Federation, is a business entity of form unknown registered in Switzerland. Defendant does business in the United States and the State of Texas, with its principal place of business at Avenue de la Gare 12A, Case postale 630, 1001 Lausanne, Switzerland. This Defendant does not maintain a regular place of business in Texas, is not registered to do business in Texas, and has not designated an agent for service of process in Texas. Therefore, Defendant may be served with citation in accordance with the Hague Service Convention by service through The Federal Justice and Police Department, Federal Office of Justice, International Legal Assistance, Bundesrain 20, 3003 Bern, Switzerland.

Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "International Gymnastics Federation" with regard to the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion for any party or of the Court.

Defendant, USA Gymnastics, is a business entity having its principal place of business in the State of Indiana. Plaintiff believes that USA Gymnastics was incorporated in the state of Texas. This Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever this Defendant and/or registered agent may be found.

Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "USA Gymnastics" with regard to the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas

2

Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion for any party or of the Court.

Defendant, United States Olympic Committee, is a business entity of form unknown, having its principal place of business in the State of Colorado and is headquartered in Colorado Springs, Colorado.  This Defendant may be served with process through its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever this Defendant and/or registered agent may be found.

Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "United States Olympic Committee," with regard to the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion for any party or of the Court.

Defendant, Lawrence Gerard Nassar, is an inmate in federal prison with register number 21504-040.  Defendant may be served with process at USP Tucson, 9300 South Wilmot Road, Tucson, AZ 85756.

Defendant, Cypress Academy, Inc. d/b/a Cypress Academy is a Texas corporation with its principal place of business in Harris County, Texas.  This Defendant may be served with process through its registered agent, Richard Basham, 11705 Campos Drive, Houston, Texas 77065, or wherever this Defendant and/or registered agent may be found.

Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Cypress Academy, Inc. d/b/a Cypress Academy" with regard to the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted

at a later time upon the motion for any party or of the Court.

## IV.
## JURISDICTION

The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court. Plaintiff is seeking monetary relief over $1,000,000.00.

## V.
## VENUE

Venue is proper in Harris County, Texas, pursuant to §15.002(a)(3) of the Texas Civil Practice and Remedies Code because Harris County is the county of Defendant Cypress Academy, Inc. d/b/a Cypress Academy's principal office. Because Harris County is the proper venue for Defendant Cypress Academy, Inc. d/b/a Cypress Academy, venue is proper for all Defendants pursuant to §15.005 of the Texas Civil Practice and Remedies Code.

## VI.
## FACTUAL BACKGROUND

This is a civil action for declaratory, injunctive, equitable, and monetary relief for injuries sustained by Plaintiff Rebecca Whitehurst as a result of the acts, conduct and omissions of Defendants, International Federation of Gymnastics ("FIG"), USA Gymnastics ("USAG"), United States Olympic Committee ("USOC"), Lawrence Gerard Nassar ("Nassar") and Cypress Academy, Inc. d/b/a Cypress Academy ("Cypress Academy"), and their respective employees, representatives, and agents, relating to sexual assault, abuse, molestation, and nonconsensual sexual touching and harassment by Defendant Nassar against Plaintiff.  Plaintiff started training at Cypress Academy in Houston, Texas in approximately 1993.  Plaintiff was an elite minor gymnast, a member of USAG and the USA Gymnastics Team who competed in national competitions.  In approximately May 1996, Plaintiff was competing in the U.S. Classic Gymnastics competition, an

elite USAG sponsored gymnastics competition in Colorado Springs, Colorado when she was instructed by her Cypress Academy coaches to seek treatment with Defendant Nassar.  Nassar was on staff with Defendant USAG and acting as the USAG Team Physician.   Under the guise of treatment, Nassar sexually assaulted, battered abused and molested Plaintiff by touching and rubbing her genital area and digitally penetrating her vagina without the use of gloves or lubricant and without Plaintiff's consent or the consent of Plaintiff's parents.  Plaintiff was approximately 15 years old at the time of the assault.  Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff or her parents.  Plaintiff did not treat or intend to treat with Nassar for OB/GYN issues.  Plaintiff believes the conduct of Nassar was sexual assault, abuse, and molestation and for Nassar's pleasure and self-gratification.

In August of 2016, The Indianapolis Star published a lengthy investigation into USA Gymnastics and its handling of sexual abuse complaints over decades titled "A blind eye to sex abuse:  How USA Gymnastics failed to report cases."  Following the Indianapolis Star article, former gymnast, Rachael Denhollander, files a criminal complaint with the Michigan State University Police alleging that in 2000, at the age of 15, she was sexually abused by Defendant Nassar during treatments for lower back pain.  The following day, Michigan State University relieves Defendant Nassar of clinical and patient duties.  On September 8, 2016, a former Olympic medalist files a civil lawsuit in California, alleging sexual abuse by Defendant Nassar from 1994 to 2000.  A few days later, The Indianapolis Star published another story titled "Former USA Gymnastics doctor accused of abuse," which included Denhollander's allegations against Defendant Nassar.  Following the September 2016 publication, other victims began coming forward after recognizing that they were victims of sexual abuse at a time when most of them were minors.

5

In summer 2015, Defendant USAG relieved Defendant Nassar of his duties after becoming aware of concerns about his actions, yet Defendant USAG failed to inform their members, including Plaintiff, or any other clubs or organizations affiliated with Defendant Nassar to inform them of the allegations and potential harm to Plaintiff and others.

In late November of 2016, Defendant Nassar was arrested and charged in Ingham County, Michigan on three charges of first-degree criminal sexual conduct with a person under 13.  In mid-December 2016, Defendant Nassar was indicted, arrested and charged in Federal Court in Grand Rapids, Michigan on charges of possession of child pornography and receipt/attempted receipt of child pornography.  On February 7, 2017, an additional count was added to Defendant Nassar's federal charges for destruction and concealment of records and tangible objects as Defendant Nassar "caused a third party vendor to permanently delete and destroy all images, records, documents and drives contained on a hard drive of a laptop computer while under investigation for "his possession of child pornography, his receipt and attempted receipt of child pornography, and his sexual exploitation and attempted sexual exploitation of children."  On February 22, 2017, Defendant Nassar was arraigned on 22 counts of first-degree criminal sexual conduct with a person under 13 years old and 14 counts of third-degree criminal sexual conduct with a person under the age of 13 years old in Ingham County, Michigan and Eaton County, Michigan.

On July 10, 2017, Defendant Nassar plead guilty to the federal charges of possession of child pornography, receipt/attempted receipt of child pornography, and destruction and concealment of records and tangible objects.  On November 22, 2017, Defendant Nassar plead guilty to 7 counts of first-degree criminal sexual conduct in Ingham County, Michigan.  During his Ingham County, Michigan plea, Nassar admitted that his sexual assaults were not done for a medical purpose.

On November 29, 2017, Defendant Nassar pleaded guilty to 3 counts of first degree criminal sexual conduct in Eaton County, Michigan.  On December 7, 2017, Defendant Nassar was sentenced to a 720 months (60 years) prison term for the federal child pornography charges.

From, January 16, 2018 to January 24, 2018, a sentencing hearing was held in Ingham County, Michigan for the 7 counts of first-degree criminal sexual conduct to which Defendant Nassar pleaded guilty.  Dozens of victims and many others provided victim impact statements at the Ingham County Sentencing and some of the victims who were seeking to proceed anonymously in litigation chose to publicly identify themselves at the sentencing hearing.

On January 24, 2018, Defendant Nassar was sentenced to a 40 to 175 year prison terms for the Ingham County charges.  From January 31, 2018 to February 5, 2018, a sentencing hearing was held in Eaton County, Michigan for the 3 counts of first degree criminal sexual conduct to which Defendant Nassar pleaded guilty.  Dozens of victims and many others provided victim impact statements at the Eaton County Sentencing and some of the victims who were seeking to proceed anonymously in litigation chose to publicly identify themselves at the sentencing hearing.

On February 5, 2018, Defendant Nassar was sentenced to a 40 to 125 year prison term for the Eaton County charges.

Ultimately, the acts, conduct, and omissions of Defendants and their employees, representatives, and agents, and their policies, customs, and practices with respect to investigating sexual assault allegations severely compromised the safety and health of the victims and an unknown number of individuals, and have resulted in repeated instances of sexual assault, abuse, and molestation by Defendant Nassar.

## VII.
## CAUSES OF ACTION

### A. NEGLIGENCE – USAG, USOC and FIG

Defendants USAG, USOC and FIG owed Plaintiff a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation while being treated by their employees, representatives and agents.

Plaintiff as a member of Defendant USAG had a reasonable expectation that Defendants USAG, USOC and FIG were recommending competent and ethical physicians and trainers for medical treatment who would carry out said treatment without sexual assault, abuse and molestation.

By seeking medical treatment from Defendant Nassar in his capacity as an employee, agent and/or representative of Defendants USAG, USOC and FIG, a special, confidential, and fiduciary relationship between Plaintiff and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiff a duty to use ordinary care.

Defendant Nassar as the Team Physician for Defendants USAG and USOC owed Plaintiff a duty of care in carrying out medical treatment.

Defendants USAG, USOC and FIG breached this duty by various acts of omissions and/or commissions, including but not limited to the following, each of which, individually and/or in the aggregate was a proximate case of the incident in question:

    a. Failure to adequately train and supervise Defendant Nassar;

    b. Failure to properly investigate, address, and remedy complaints regarding Defendant Nassar's conduct;

    c. Failure to inform Plaintiff and the public of the allegations and concerns leading to Defendant Nassar's separation from USAG, USOC and FIG.

8

Defendant Nassar's conduct in sexually assaulting, abusing and molesting Plaintiff was a breach of the duty to use ordinary care.

Such negligence, individually, and/or in the aggregate, proximately caused Plaintiff's' damages.

## B. GROSS NEGLIGENCE – USAG, USOC, FIG and NASSAR

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraph.

Defendants USAG, USOC and FIG owed Plaintiff a duty to use due care to ensure her safety and freedom from sexual assault, abuse and molestation while interacting with their employees, representatives and/or agents.

Plaintiff was a member of USAG, participated in USAG sanctioned events, was referred to Defendant Nassar through USAG affiliations, and member of the USA Gymnastics tea, who competed in national competitions.

Defendant Nassar owed Plaintiff a duty to use care in his capacity as an employee, representative and/or agent of Defendants USAG, USOC and FIG.

By seeking medical treatment from Defendant Nassar in his capacity as an employee, agent and/or representative of Defendants USAG, USOC and FIG, a special, confidential, and fiduciary relationship between Plaintiff and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiff a duty to use ordinary care.

Defendants' failure to adequately supervise Nassar was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

Defendant Nassar's conduct in sexually assaulting, abusing and molesting Plaintiff under the guise of rendering medical "treatment" as an employee, representative and/or agent of

Defendants USAG, USOC and FIG was so reckless as to demonstrate a substantial lack of concern for whether or not injury would result to Plaintiff.

The conduct of Defendants USAG, USOC and FIG demonstrated a willful disregard for necessary precautions to reasonably protect Plaintiff's safety.

Defendants' conduct as described, demonstrated a willful disregard for substantial risks to Plaintiff.

Defendants USAG, USOC and FIG breached their duties to Plaintiff and were grossly negligent when they conducted themselves by actions described above, including but not limited to the issues surrounding sexual abuse in gymnastics and warnings signs and reporting requirements.  Said acts were committed with reckless disregard for Plaintiff's health, safety and with a substantial lack of concern as to whether an injury would result.

Defendants' conduct was reckless and/or done with an intentional state of mind.  Such gross negligence was a proximate cause of the occurrence and Plaintiff's damages.  Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

## C. RESPONDEAT SUPERIOR – USAG, USOC and FIG

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendants USAG, USOC and FIG employed and/or held Defendant Nassar out to be their agent and/or representative from approximately 1986 to 2015.  Therefore, Defendants are liable for the negligence of their employees, including Defendant Nassar, during the course and scope of their employment with Defendants USAG, USOC and FIG.  Specifically, Defendants' employees, acting within the course and scope of their employment, had a general duty to exercise reasonable care in performing their work.  Such employees, however, failed to exercise reasonable care.  As

10

a result, Defendants USAG, USOC and FIG are liable for Plaintiff's injuries and damages.

## D. EXPRESS/IMPLIED AGENCY – USAG, USOC and FIG

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

An agent is a person who is authorized by another to acts on its behalf.

Defendants USAG, USOC and FIG intentionally or negligently made representations that Defendant Nassar was their employee, agent, and/or representative.

On the basis of those representations, Plaintiff reasonably believed Defendant Nassar was acting as an employee, agent, and/or representation of Defendants USAG, USOC and FIG.

Plaintiff was injured as a result of Defendant Nassar's sexual assault, abuse, and molestation as described above carried out through his employment, agency, and/or representation with Defendants USAG, USOC and FIG.

Plaintiff was injured because she relied on Defendants to provide employees or agents who would exercise reasonable skill and care.

## E. NEGLIGENT SUPERVISION – USAG, USOC and FIG

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendants USAG, USOC and FIG had a duty to provide reasonable supervision of their employee, agent, and/or representative, Defendant Nassar, while he was in the course of his employment, agency and/or representation of USAG, USOC and/or FIG and while he interacted with young female athletes including Plaintiff.

It was reasonably foreseeable given the known sexual abuse in youth sports and gymnastics in particular that Defendant Nassar who had prior allegations against him had or would sexually abuse

children, including Plaintiff, unless properly supervised.

Defendants USAG, USOC and FIG by and through their employees, agents, managers and/or assigns knew or reasonably should have known of Defendant Nassar's conduct and/or that Defendant Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children and young adults.

Defendants USAG, USOC and FIG breached their duty to provide reasonable supervision of Defendant Nassar, and its failure permitted Defendant Nassar, who was in a position of trust and authority, to commit the acts against Plaintiff.

The aforementioned sexual abuse occurred while Defendant Nassar was acting in the course of his employment, agency and/or representation of USAG, USOC or FIG.

Defendants USAG, USOC and FIG tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel or discipline Defendant Nassar, with the result that Defendant Nassar was allowed to violate the rights of persons such as Plaintiff with impunity.

## F. NEGLIGENT FAILURE TO WARN OR PROTECT – USAG, USOC and FIG

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Given the direct or indirect knowledge of sexual abuse in youth sports and in particular gymnastics, it was reasonably foreseeable that sexual abuse of minors may occur if proper procedures were not taken by Defendants USAG, USOC and FIG.

Defendants knew or should have known that Defendant Nassar posed a risk of harm to Plaintiff or those in Plaintiff's situation.

Defendants had direct and/or constructive knowledge as to the dangerous conduct of

Defendant Nassar and failed to act reasonably and responsibly in response.

Defendants USAG, USOC and FIG knew or should have known that Defendant Nassar previously committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

Defendants USAG, USOC and FIG had a duty to warn or protect Plaintiff and others in Plaintiff's situation against the risk of injury by Defendant Nassar.

The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Nassar in his capacity as employee, agent, and/or representative of Defendants USAG, USOC and FIG and Plaintiff.

Defendants USAG, USOC and FIG breached said duty by failing to warn Plaintiff from Defendant Nassar.

Defendants USAG, USOC and FIG breached their duties to protect Plaintiff by failing to detect and/or uncover evidence of sexual abuse and sexual assault, investigate Defendant Nassar, adjudicate and suspend and/or ban Defendant Nassar from USAG/USOC/FIG affiliation and USAG/USOC/FIG sanctioned events.

Defendants USAG, USOC and FIG failed to adequately screen, counsel and/or discipline Defendant Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician in his capacity as an employee, agent, and/or representative of Defendants USAG, USOC and FIG, resulting in violations of Plaintiff's rights.

Defendants USAG, USOC and FIG willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiff from Defendant Nassar's conduct.

## G. NEGLIGENT FAILURE TO TRAIN OR EDUCATE – USAG, USOC and FIG

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendants USAG, USOC and FIG breached their duty to take reasonable protective measures to protect Plaintiff and other individuals from the risk of childhood sexual abuse and/or sexual assault by Defendant Nassar, such as the failure to properly train or educate Plaintiff and other individuals (including minors) about how to avoid such a risk.

Further, Defendants failed to implement reasonable safeguards to:

a.      Prevent acts of sexual assault, abuse, and molestation by Defendant Nassar;

b.      Avoid placing Defendant Nassar in positions where he would have unsupervised contact and interaction with Plaintiff and other young athletes.

## H. NEGLIGENT RETENTION – USAG, USOC and FIG

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendants USAG, USOC and FIG had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents and/or representatives to exercise due care, but they failed to do so.

Defendants USAG, USOC and FIG were negligent in the retention of Defendant Nassar as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

Defendants USAG, USOC and FIG were negligent in the retention of Defendant Nassar when after they discovered, or reasonably should have discovered Defendant Nassar's conduct which reflected a propensity for sexual misconduct.

14

Defendants' failure to act in accordance with the standard of care resulted in Defendant Nassar gaining access to and sexually abusing and/or sexually assaulting Plaintiff as well as an unknown number of other individuals.

The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Defendant Nassar created a foreseeable risk of harm to Plaintiff as well as other minors and young adults.

## I. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – USAG, USOC and FIG

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendants USAG, USOC and FIG allowed Defendant Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults.

A reasonable person would not expect Defendants USAG, USOC and FIG to tolerate or permit their employee, agent, or representative to carry out sexual assault, abuse, or molestation.

Defendants USAG, USOC and FIG held Defendant Nassar in high esteem and acclaim which in turn encouraged Plaintiff and others to respect and trust Defendant Nassar and seek out his services and to not question his methods or motives.

Defendants USAG, USOC and FIG protected Defendant Nassar in part to bolster its national and international reputation in the gymnastics community.

A reasonable person would not expect Defendants USAG, USOC and FIG to be incapable of supervising Defendant Nassar and/or preventing Defendant Nassar from committing acts of sexual assault, abuse and molestation.

The conduct of Defendants USAG, USOC and FIG as described above was intentional and/or reckless.

15

**J. FRAUD AND MISREPRESENTATION – USAG, USOC and FIG**

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendants USAG, USOC and FIG represented to Plaintiff and the public that Defendant Nassar was a competent, ethical, and safe physician.

By representing that Defendant Nassar was the Team Physician for Defendants USAG, USOC and FIG, Defendants represented to Plaintiff and the public that Defendant Nassar was safe, trustworthy, of high moral and ethical repute, and that Plaintiff and the public need not worry about being harmed by Defendant Nassar.

The representations were false when they were made as Defendant Nassar had and was continuing to sexually assault, abuse, and molest Plaintiff and an unknown number of other individuals.

Additionally, complaints were made to Defendants USAG, USOC and FIG, yet Defendants did not contact their members, including Plaintiff, or any other clubs, or organizations affiliated with Defendant Nassar to inform them of the allegations and potential harm to Plaintiff and others.

Plaintiff relied on the assertions of Defendants USAG, USOC and FIG and Plaintiff sought treatment of Defendant Nassar in the wake of known concerns and dangers.

Plaintiff was subjected to sexual assault, abuse, and molestation as a result of Defendants' fraudulent misrepresentations regarding Defendant Nassar.

**K. ASSAULT & BATTERY - NASSAR**

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

The acts committed by Defendant Nassar against Plaintiff described herein constitute

16

assault and battery, actionable under the laws of Texas.

Defendant Nassar committed nonconsensual sexual acts which resulted in harmful or offensive contact with Plaintiff.

Specifically, Defendant Nassar committed acts which caused injury to Plaintiff by subjecting her to an imminent battery and/or intentional invasions of her rights to be free from offensive and harmful contact, and said conduct demonstrated that Defendant Nassar had a present ability to subject Plaintiff to an immediate, intentional, offensive and harmful touching.

Defendant Nassar assaulted and battered Plaintiff by nonconsensual and unwanted digital vaginal penetration without notice or explanation of the "treatment."

Plaintiff did not consent to the contact, which caused injury, damage, loss, and/or harm.

## L. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - NASSAR

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendant Nassar used his authority and position with Defendants USAG, USOC and FIG to sexually assault, abuse, and molest Plaintiff, and an unknown number of other individuals, minors, and young adults.

Defendant Nassar in committing acts of sexual assault, abuse, and molestation as described above under the guise of medical "treatment" exhibited conduct that is extreme, outrageous and/or reckless in nature.

A reasonable person would not expect their physician to sexually assault, abuse, or molest them, and to do so under the guise of medical "treatment" without proper notice or explanation, and without giving the patient the opportunity to refuse "treatment" of that nature.

Defendant Nassar's conduct was intentional or reckless as he repeatedly sexually assaulted,

17

abused, and molested Plaintiff and an unknown number of other individuals, minors and young adults over several years, from approximately 1996 to 2016.

Defendant Nassar's conduct has caused and continues to cause Plaintiff to suffer emotional and psychological distress.

## M. FRAUD AND MISREPRESENTATION - NASSAR

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

From approximately 1996 to September 2016, Defendant Nassar represented to Plaintiff and the public that he was a competent, ethical, and safe physician.

By representing that he was the Team Physician for USAG, Defendant Nassar represented to Plaintiff and the public that Defendant Nassar he was safe, trustworthy, of high moral and ethical repute, and that Plaintiff and the public need not worry about being harmed by Defendant Nassar.

The representations were false when they were made as Defendant Nassar had and was continuing to sexually assault, abuse, and molest Plaintiff and an unknown number of other individuals, minors and young adults

Specifically, Defendant Nassar's false representations include but are not limited to the following:

  a.   making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;

  b.   making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;

  c.   making the statement, explaining, that his acts and/or conduct was "checking your sternum;"

  d.   making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"

e.      making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;

f.      making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and,

g.      making a statement, explaining to a plaintiff and another medical professional that the position of his hand was in an appropriate place—when it was not—and while he was digitally penetrating Plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.

The material representation(s) to Plaintiff were false, in that Defendant Nassar was actually engaging in conduct for his own sexual gratification.

When Defendant Nassar made the material representation(s), he knew that they were false, in that he knew that the "treatment[s]" were not proper, appropriate, legitimate, and/or considered within standard of care by any physician of any specialty and/or sports therapist.

Defendant Nassar made the material representation(s) with the intent that the material representation(s) should be acted and/or relied upon by Plaintiff such that Plaintiff:

h.      should believe that the "treatments" were in fact "treatments;"

i.      should believe that the "treatment[s]" were proper, appropriate, and legitimate; should not believe that she had been sexually assaulted;

j.      should not believe that she had been sexually assaulted so that he could prevent discovery of his sexual assaults; should continue the "treatment[s]" so that he could continue to sexually assault individuals; should not question and/or report the conduct to appropriate authorities; and,

k.      should not reasonably believe and not be aware of a possible cause of action that they have against Defendant Nassar.

Defendant Nassar concealed the fraud by an affirmative act(s) that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in

19

that he:

l.      positioned himself in a manner in which parents or chaperones in the room could not see his conduct, so that he could conceal and prevent discovery of his conduct;

m.      dismissed a medical professional from the room, during an examination of a plaintiff of whom he was digitally penetrating, who questioned the placement of his hands;

n.      prevented other medical professionals, chaperones, parents, guardians, and/or caregivers from being in the room during the examinations and treatment of Plaintiff so that he could sexually assault Plaintiff;

o.      did not abide by or follow the standard of care which requires another medical professional, chaperone, parent, guardian, and/or caregiver be in the room during the examination and treatment of minors and female patients.

The actions and inactions of Defendant Nassar, as described in the preceding paragraphs, constituted Fraud.

Plaintiff was subjected to sexual assault, abuse, and molestation as a result of Defendant Nassar's' fraudulent misrepresentations regarding Defendant Nassar.

At all times material hereto, Plaintiff was entirely free of any negligence contributing to the injuries and damages hereinafter alleged.

## N. NEGLIGENCE – CYPRESS ACADEMY

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

At the time and on the occasion in question, Defendant Cypress Academy owed Plaintiff a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse and molestation as would a reasonably prudent person under same or similar circumstances.  Defendant Cypress

20

Academy breached this duty by various acts of omissions and/or commissions, including but not limited to the following, each of which, individually and/or in the aggregate was a proximate case of the incident in question:

      a.   Failure to ensure Plaintiff's safety;

      b.   Failure to recommend competent and ethical physicians for medical treatment;

      c.   Failure to ensure that the medical treatment that was being provided to Plaintiff was being provided without sexual assault, abuse and molestation.

Such negligence, individually, and/or in the aggregate, proximately caused Plaintiff's damages.

## O. RESPONDEAT SUPERIOR – CYPRESS ACADEMY

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Defendant Cypress Academy is liable for the negligence of their employees during the course and scope of their employment.  Specifically, Defendant's employees, acting within the course and scope of their employment, had a general duty to exercise reasonable care in performing their work.  Such employees, however, failed to exercise reasonable care.  As a result, Defendant Cypress Academy is liable for Plaintiff's injuries and damages.

## P. ACCURAL OF PLAINTIFF'S CLAIM

Plaintiff realleges and incorporates by reference the allegations containing in the previous paragraphs.

Under Texas law, a claim accrues and the limitation period beings to run the moment the "plaintiff knew that he has suffered an injury or by exercising reasonable diligence, should have known of the facts given rise to a cause of action." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886

(Tex.1998).  There are two elements that apply in discovery rule cases: (1) [t]hat the nature of the injury must be must be inherently undiscoverable; and (2) that the injury itself must be objectively verifiable." *Id.*

With respect to Plaintiff's claims, Plaintiff had no reason to know of Defendants' alleged causal connection to her sexual abuse until August of 2016, when media reports regarding the handling of sexual abuse complaints first came to light.  The earliest date on which Plaintiff knew or had reason to know of Defendants' misconduct was in August of 2016.  Therefore, August of 2016 was the earliest date that Plaintiff knew or by exercising reasonable diligence should have known of the facts given rise to her claim.

## Q. FRAUDULENT CONCEALMENT and EQUITABLE TOLLING – AS TO ALL DEFENDANTS

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

Plaintiff alleges that her causes of action against all Defendants are not barred by the statute of limitations because of the discovery rule and/or the doctrine of fraudulent concealment and equitable tolling.

Upon information and belief, all Defendants had (1) actual knowledge that a wrong occurred, (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong.  Had Defendants complied with their duties, Plaintiff would have been aware of the facts, conditions, or circumstances which would have led to the discovery of a concealed cause of action.

Here, there is no evidence that Plaintiff knew or had reason to know of Defendants' affirmative misconduct until August of 2016, when media reports regarding Defendant Nassar's abuse and Defendants' handling of sexual abuse complaints came to light.

Plaintiff neither know nor had reason to know that Defendants' were engaging in affirmative conduct whereby they manipulated and misinformed victims, discouraged victims from taking further action with respect to the reporting and handling of sexual assault cases and failed to inform the victims of the allegations against Defendant Nassar. Short of someone coming forward and admitting that Defendant Nassar sexual abused them and that Defendants covered up information regarding Defendant Nassar's abuse, Plaintiff had no way of knowing about Defendants' misconduct until August of 2016. Plaintiff alleges that her causes of action are not barred by the statute of limitations because of the discovery rule and/or the doctrine of fraudulent concealment and equitable tolling as fraudulent concealment tolls the statute of limitations until the injured party, using reasonable diligence, discovered the injury. *Holland v. Thompson*, 338 S.W.3rd 586, 596 (Tex.App.—El Paso 2010, pet. denied). In this case, Defendants represented to Plaintiff and the public that Defendant Nassar was a competent, ethical and safe physician.

At no point prior to August of 2016 did Plaintiff understand that Defendants' misconduct in the handling of sexual abuse complaints regarding Defendant Nassar was the cause of Plaintiff's injuries nor could Plaintiff reasonably have been expected to "inquire further." Therefore, the statute of limitations on Plaintiff's claim is tolled by fraudulent concealment and equitable estoppel. Accordingly, Plaintiff's claim is timely.

## VIII.
## DAMAGES

As a result of the above acts and/or omissions of Defendants, Plaintiff sustained serious injuries and damages. Plaintiff brings this action for the following damages:

    a. Past and future physical pain and suffering of Plaintiff, and that which she will, in all probability, suffer in the future;

    b. Past mental anguish of Plaintiff, and that which she will, in all probability, suffer in the future;

23

    c.   The medical expenses that Plaintiff has incurred in the past and will, in all probability, continue to incur in the future;

    d.   Courts costs;

    e.   Exemplary damages;

    f.   Any and all other damages, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

## IX.
## PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; invoices; checks; correspondence; memoranda; files; facsimiles; email; voice mail; text messages and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom.  Failure to maintain such items will constitute spoliation of the evidence.

## X.
## NOTICE OF INTENT TO USE DOCUMENTS

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice that she may use documents produced by all parties in response to written discovery at any pretrial proceeding in this case as well as at trial.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein; that, upon final trial and hearing hereof, that Plaintiff recover damages from Defendants in accordance with the evidence; that Plaintiff recover interest

to which Plaintiff is justly entitled under the law, both prejudgment and postjudgment; that Plaintiff recover actual damages, costs of court, and such other and further relief, both general and special, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
State Bar No. 24043538
800 Commerce Street
Houston, Texas 77002
(713) 222-7211; (713) 225-0827 – Facsimile
maziz@abrahamwatkins.com

**HUNT & TUEGEL PLLC**

*/s/ Michelle Simpson Tuegel*
MICHELLE SIMPSON TUEGEL
State Bar No. 24075187
425 Austin Avenue
ALICO Building, Suite 1208
P.O. Box 726
Waco, Texas 767003
(254) 753-3738; (254) 753-8118 – Facsimile
michelle@huntandtuegel.com

**WHITE LAW PLLC**

*/s/ James White*
JAMES WHITE
2549 Jolly Road, Suite 340
Okemos, Michigan 48864
(517) 316-1195; (517) 316-1197 – Facsimile
E: jameswhite@whitelawpllc.com
E: discovery@whitelawpllc.com

Pending *Pro Hac Vice* Admission

**ATTORNEYS FOR PLAINTIFFS**

25

5/25/2018 6:32 PM
Chris Daniel - District Clerk Harris County
Envelope No. 24881782
By: LISA COOPER
Filed: 5/25/2018 6:32 PM

CAUSE NO. 2018-26205

| | | |
|---|---|---|
| Rebecca Whitehurst, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| USA Gymnastics, et al. | § | |
| *Defendants* | § | 157th JUDICIAL DISTRICT |
| | § | |

### USA GYMNASTICS ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, USA Gymnastics ("USAG"), files its Original Answer and Defenses to Plaintiff's Original Petition, as follows:

### I.   ORIGINAL ANSWER

1.      Pursuant to Tex. R. Civ., P. Rule 92 USAG generally denies each and every allegation in Plaintiff's Original Petition and demands strict proof thereof.

### II.   SPECIFIC DENIALS

2.      Pursuant to Tex. R. Civ. P. 56, USAG specifically denies that any items of special or consequential damages have occurred.

### III.   AFFIRMATIVE DEFENSES

3.      USAG asserts laches. Tex. R. Civ. P. 94.

4.      USAG asserts statute of limitations. Tex. R. Civ. P. 94.

5.      USAG alleges that others are proportionally responsible for Plaintiff's alleged injuries.

6.      USAG alleges that Plaintiff was injured by the unforeseeable criminal act of a third person.

7.      USAG alleges that it is not liable for a physical injury caused by the physical negligence of another third party.

8.      USAG pleads that Plaintiff's exemplary damages request is limited by Tex. Civ. Prac. & Rem. Code § 41.008, Limitation on Amount of Recovery. Additionally, in the event that there may be an exemplary damages award, USAG moves the Court to bifurcate the determination of the amount of exemplary damages from the remaining issues in accordance with Tex. Civ. Prac. & Rem. Code § 41.009. *See also Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 870 (Tex. 2008). Accordingly, no evidence, including but not limited to USAG's net worth, pertaining to the amount of exemplary damages should be admissible at the liability phase of the trial. Tex. Civ. Prac. & Rem. Code § 41.011.

9.      USAG asserts the right to raise additional defenses that become apparent through the factual development of this case.

10.     USAG asserts failure to state a claim upon which relief can be granted. Tex. R. Civ. P. 94.

11.     USAG asserts Intervening / Supervening causes and/or other unforeseeable or intentional acts of third parties cuts off USAG's liability.   Tex. R. Civ. P. 94.

### IV. REQUEST FOR DISCLOSURES

12.     Pursuant to Rule 194, USAG requests that Plaintiff produce the information or material described in Texas Rule of Civil Procedure 194.2.

### V.      PRAYER FOR RELIEF

WHEREFORE, USAG pray that Plaintiff take nothing by her suit, and that USAG recover all such other and further relief, special or general, at law or in equity, to which it is justly entitled.

Respectfully submitted,
HILDER & ASSOCIATES, P.C.

/s/ *Philip H. Hilder*
Philip H. Hilder
State Bar No. 09620050
Philip@HilderLaw.com
Stephanie McGuire
State Bar No. 11100520
Stephanie@HilderLaw.com

Paul L. Creech
State Bar No. 24075578
paul@hilderlaw.com
Q. Tate Williams
State Bar No. 24013760
tate@hilderlaw.com
819 Lovett Blvd.
Houston, Texas 77006
Telephone (713) 655-9111
Facsimile (713) 655-9112

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record in accordance with Rules 21 and 21a, Texas Rules of Civil Procedure, on this 25th day of May, 2018.

/s/ *Philip H. Hilder*
Philip H. Hilder